ELECTRONICALLY FILED
11/4/2022 11:33 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 22-2-06785-31

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF SNOHOMISH

| | |
|---|---|
| MARY VENEZIANI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNISON AGREEMENT CORPORATION, a foreign corporation,<br><br>Defendant. | 22-2-06785-31<br><br>NO.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF** |

## I. NATURE OF ACTION

1. Mary Veneziani is a teacher and a single mother of two. In 2019, she was also a homeowner. That year, she borrowed approximately $70,000 from a predatory lending entity known as Unison. The loan was secured by a Deed of Trust on her home. Under the terms of her HomeOwner Agreement with Unison, Ms. Veneziani was forced to pay Unison more than four times what she originally borrowed when she sold her home less than three years later. Ms. Veneziani claims that Unison's financial products are unlawful, unconscionable, and unfair.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. Preying on lower and middle income households whose wealth is largely tied up in their homes, Unison purports to offer a financial product that permits homeowners to receive large sums of money without ever paying any interest. Unison claims its product is "not a loan." Instead, Unison represents itself as merely a "co-investor" purchasing an "option" to acquire equity in the home and obtain a return on its "investment" when the homeowner chooses to sell their home.

3. In reality, Unison's financial product, called the "HomeOwner Agreement," wipes out a substantial portion of the wealth that homeowners have painstakingly accumulated over time in their homes. Unison structures its HomeOwner Agreements so that it can profit at interest rates that would never be permitted under Washington's lending laws. Unison claims that its product is not a loan, instead structuring the agreement as an "option" agreement. Unison structures its agreement this way in an attempt to avoid the regulatory schemes intended to protect consumers from unscrupulous lenders. But Unison's product is actually a reverse mortgage without the name (and without following any of the rules that reverse mortgage lenders are required to follow).

4. Unison's unfair and deceptive HomeOwner Agreement product, specifically targeted to consumers in lower to middle-income areas where large increases in property values have been ongoing and are expected to continue, has induced hundreds of Washington homeowners to borrow money from Unison.

## II. PARTIES

5. Plaintiff Mary Veneziani ("Ms. Veneziani") is a natural person residing in Lake Stevens, Washington. In 2019, Ms. Veneziani entered into a HomeOwner Agreement with Unison.

6. Defendant Unison Agreement Corporation ("Unison") is a foreign corporation doing business in Washington under UBI number 603-369-488. Unison is incorporated in Delaware and has its principal place of business in San Francisco, California.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties and claims in this action. At all relevant times, Ms. Veneziani resided in Snohomish County, Washington.

8. Venue is proper in Snohomish County under RCW 4.12.020 and 4.12.025 because Unison transacts business in Snohomish County and the events giving rise to liability took place in Snohomish County.

## IV. FACTUAL ALLEGATIONS

**A. Home equity and reverse mortgage lending.**

9. Home equity is the single largest asset for many lower and middle income families. *See* Jenny Schuetz, *Rethinking homeownership incentives to improve household financial security and shrink the racial wealth gap*, Brookings Institute, December 9, 2020, available at https://www.brookings.edu/research/rethinking-homeownership-incentives-to-improve-household-financial-security-and-shrink-the-racial-wealth-gap/ ("For households in the three middle-income quintiles, home equity is the largest single financial asset, representing between 50% and 70% of net wealth.").

10. One of the biggest disadvantages of home equity as a wealth-building tool is that the wealth cannot be easily accessed.

11. A reverse mortgage loan is a financial product that permits a homeowner to access some of the wealth tied up in their home by borrowing against their home equity. Reverse mortgage loans can thus be beneficial to some people.

12. However, reverse mortgages have high potential to be predatory. *See* USA Today, *Dark side of reverse mortgage industry: Predatory lending hits seniors*, Jun 13, 2019, available at https://www.usatoday.com/story/opinion/2019/06/13/reverse-mortgages-predatory-lending-cloud-home-loans-editorials-debates/1446693001/. This has led Washington and many other states, as well as the federal government, to heavily regulate reverse mortgage lending to protect consumers.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

13. To combat abuses in lending, Washington law requires that all lenders making loans covered by the Consumer Loan Act be licensed by the state. RCW 31.04.035(1).

14. Any proprietary reverse mortgage product must be preapproved by Washington's Department of Financial Institutions prior to it being sold in Washington. RCW 31.04.525(1); *see also* https://dfi.wa.gov/consumer-loan-companies/proprietary-reverse-mortgages.

15. If a loan is made without proper licensing, any fees charged in connection with the origination of the loan must be refunded. RCW 31.04.035(2)(a).

16. No licensee making loans under the Consumer Loan Act in Washington may lend money at a rate exceeding 25% simple interest per annum. RCW 31.04.105(1).

17. Washington law also protects borrowers from unfair reverse mortgage lending practices by prohibiting lenders from requiring the purchase of insurance or any other financial product as a condition of obtaining a reverse mortgage loan. RCW 31.04.515(7); RCW 31.04.515(8)(b).

18. Washington law requires that before a lender accepts a final application for a reverse mortgage loan, it must refer a prospective borrower to an independent housing counseling agency. RCW 31.04.515(9).

19. A reverse mortgage lender must receive a certification that such counseling has occurred before assessing any fees or finalizing the loan. RCW 31.04.515(10).

20. Reverse mortgage loans cannot be made to a Washington state resident unless the resident is at least sixty years old on the date of the execution of the loan. RCW 31.04.515(11).

21. Lenders are prohibited by the Consumer Loan Act from making "any statement or representation with regard to the rates, terms, or conditions for the lending of money that is false, misleading, or deceptive." RCW 31.04.135.

22. Lenders are further prohibited from obtaining at the time of closing of a loan "a release of future damages for usury or other damages or penalties provided by law." RCW



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

31.04.027(1)(k).

**B. Unison's HomeOwner Agreement product is an equitable reverse mortgage.**

23. Unison claims that it is "[a] smarter way to access the home equity you already own, without interest, debt, or monthly payments." https://www.unison.com/.

24. Unison advertises to potential clients that its HomeOwner Agreement is "not a loan."

25. Unison purposely structures its HomeOwner Agreements in an attempt to avoid the application of lending laws because such agreements would otherwise be unlawful under Washington's Consumer Loan Act.

26. Under Washington law, a "reverse mortgage loan" is "a nonrecourse consumer credit obligation in which: (a) A mortgage, deed of trust, or equivalent consensual security interest securing one or more advances is created in the borrower's dwelling; (b) Any principal, interest, or shared appreciation or equity is due and payable, other than in the case of default, only after: (i) The consumer dies; (ii) The dwelling is transferred; or (iii) The consumer ceases to occupy the dwelling as a dwelling; and (c) The broker or lender is licensed under Washington state law or exempt from licensing under federal law." RCW 31.04.505(5).

27. Unison's HomeOwner Agreements create nonrecourse obligations because Unison may not recover funds outside of the proceeds created from the sale of the property.

28. Unison's HomeOwner Agreements are secured by deeds of trust recorded in the county in which the relevant property is located.

29. A deed of trust is a species of mortgage, and under Washington law, a deed of trust is "subject to all laws relating to mortgages on real property." RCW 61.24.020.

30. Payment to Unison can become due and payable under the terms of the HomeOwner Agreement only after a borrower either dies, sells their home, ceases to occupy the home as their primary residence, or at the expiration of a 30-year term.

31. A reverse mortgage loan may provide for interest that is "contingent on the value of the property upon execution of the loan or at maturity, or on changes in value



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

between closing and maturity." RCW 31.04.515(2).

32. Unison deliberately structures its HomeOwner Agreement in an attempt to avoid the application of the Consumer Loan Act by creating an "option to purchase" an interest in residential property at the occurrence of a triggering event.

33. Under Washington law, where a real estate transaction is structured as an option agreement, but has the purpose of creating a mortgage instead, courts have recognized the arrangement as an "equitable mortgage." This equitable theory is meant to prevent parties from contracting around lending laws designed to protect consumers from unscrupulous and unfair lending practices.

34. Unison's HomeOwner Agreement product meets nearly all of the criteria for a reverse mortgage loan and functions as a reverse mortgage.

35. Unison's HomeOwner Agreement thus creates an equitable reverse mortgage loan and is subject to Washington law regulating such loans.

36. Unison is not licensed to make reverse mortgage loans in Washington.

## C. Ms. Veneziani purchased her home.

37. Ms. Veneziani is a 55-year-old single mother of two and has taught special education at Everett High School in Everett, Washington for 33 years.

38. In June 2009, when her children were 5 years old and 1 year old, Ms. Veneziani purchased a home located at 7618 12th Street SE, Lake Stevens, Washington 98258 (the "Property").

39. Ms. Veneziani purchased the Property for $315,000.

40. Ms. Veneziani took out a $267,000 mortgage loan to purchase the Property.

41. The Property was the first property Ms. Veneziani purchased on her own using a conventional mortgage.

42. In 2019, Ms. Veneziani refinanced the Property with JG Wentworth and took out a mortgage loan for $364,000.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

43. The mortgage was subsequently assigned to Penny Mac with an interest rate of about 4 percent.

44. Ms. Veneziani never missed a mortgage payment while she owned the Property.

45. Ms. Veneziani raised her children in the Property for nearly thirteen years.

**D. Ms. Veneziani borrowed money from Unison.**

46. In summer 2019, Ms. Veneziani faced financial difficulty from an accumulation of various expenses, including expenses for her own medical care.

47. Like many homeowners with moderate means, most of Ms. Veneziani's wealth was tied up in her home. She feared that she would not have enough money to pay her bills.

48. In August 2019, Ms. Veneziani received a flyer in the mail from Unison. The flyer promised that she could "access the equity locked in [her] home" by entering into an agreement with Unison that would include "no monthly payments and no interest."

49. After receiving the flyer, on or about August 25, 2019, Ms. Veneziani called Unison and spoke with a representative named Brian Slott about Unison's HomeOwner Agreement product.

50. The very next day, on August 26, 2019, Ms. Veneziani received an email from Unison reminding her to fill out the remainder of her application to get approved for Unison's HomeOwner Agreement.

51. On August 27, 2019, Ms. Veneziani completed her application and sent documents to Unison to move forward with getting approved for the HomeOwner Agreement. These documents included her W-2s, pay stubs, mortgage statements, and bank account statements.

52. On September 2, 2019, Amy Marsili contacted Ms. Veneziani by email, stating that Unison was "excited to partner with" Ms. Veneziani and requesting additional information, including additional asset verification.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

53. After submitting additional documentation, Unison told Ms. Veneziani that they needed to schedule a home inspection for the Property before the HomeOwner Agreement could be finalized.

54. The inspection revealed some damage to the Property's roof, which Unison required Ms. Veneziani commit to fixing when she received payment from Unison.

55. Unison also pulled Ms. Veneziani's credit history.

56. On October 22, 2019, Ms. Veneziani signed the HomeOwner Agreement with Unison.

57. The HomeOwner Agreement provided that the Original Agreed Value of the Property in October 2019 was $469,000.

58. Unison made an "investment payment" of $70,350 for an option to purchase a 60% ownership interest in the Property.

59. Unison charged Ms. Veneziani $2,744.00 in "transaction fees."

60. On November 11, 2019, Unison recorded a deed of trust on the Property in Snohomish County securing Ms. Veneziani's performance of her obligations under the HomeOwner Agreement. The deed of trust granted Unison the right to foreclose and sell the Property in the event of default by Ms. Veneziani.

61. Per the terms of the Agreement, Unison paid $6,425.30 of the investment payment directly to PNMAC, $39,165.97 to FM/CITIZEN, and $3,378.58 to Lending Club Corp.

62. The escrow company was also instructed to hold back $935 for "roof repair/cleaning."

63. As a result, Ms. Veneziani's direct proceeds from the HomeOwner Agreement totaled just $18,636.15.

**E. Ms. Veneziani sold her home.**

64. In May 2021, Ms. Veneziani again experienced financial difficulty.

65. Ms. Veneziani began exploring whether she could refinance her home.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

66. Ms. Veneziani spoke with Lacy Edwards at Ocean Lending about whether Ms. Edwards could help her refinance.

67. After Ms. Edwards learned that the Property was subject to the Unison HomeOwner Agreement, because "Unison owns 60% of the equity position in [her] home," lenders are "not willing to loan with Unison."

68. Had Unison's HomeOwner Agreement not prevented her from being able to refinance, Ms. Veneziani would not have sold her home.

69. In February 2022, Ms. Veneziani made the difficult decision to sell the Property.

70. Ms. Veneziani listed the Property for sale on January 28, 2022 at an asking price of $689,000.

71. The Property ultimately sold for $810,000 in February 2022.

72. However, as a result of her obligation to pay Unison under the HomeOwner Agreement, Ms. Veneziani received only about $80,000 of the total proceeds from the sale.

73. Ms. Veneziani paid Unison $274,950 in proceeds from the sale of the Property.

74. Ms. Veneziani's closing disclosures from the sale of the Property list her agreement with Unison as a "second mortgage loan" and list a "loan payoff" amount to Unison of $274,950.00.

75. In the two-and-a-half years between Unison entering into the HomeOwner Agreement with Ms. Veneziani and the sale of Ms. Veneziani's home, Unison paid Ms. Veneziani $70,350 and ultimately was paid back $274,950 when Ms. Veneziani sold the Property. This amounts to a simple annual interest rate of 116%.

76. Throughout the sale process, Unison made things difficult for Ms. Veneziani.

77. It was extremely difficult for Ms. Veneziani and her real estate agent to get in touch with Unison to obtain permission from them for her to sell her home.

78. Once Ms. Veneziani obtained permission to sell, Unison demanded to see all documents relating to the listing and otherwise expected to be kept abreast of every aspect of the sale process.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

79. However, as soon as Unison realized that it would receive almost four times the sum that it loaned to Ms. Veneziani a mere 2.5 years earlier, Unison suddenly stopped making demands of Ms. Veneziani and permitted the remainder of the sale to proceed without further scrutiny.

80. Once the sale was complete, Ms. Veneziani spent more than a month trying to obtain an acknowledgement from Unison that she had satisfied her obligations under the HomeOwner Agreement.

## V. FIRST CLAIM FOR RELIEF

### Equitable Reverse Mortgage – Per Se Violations of the Consumer Protection Act

81. Ms. Veneziani realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

82. Ms. Veneziani and Unison are both "persons" within the meaning of the Washington Consumer Protection Act. RCW 19.86.010(1).

83. The Consumer Loan Act provides that "[a]ny violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair and deceptive act or practice and unfair method of competition in the conduct of trade of commerce in violation of RCW 19.86.020."

84. The Consumer Loan Act further provides that "the practices governed" by it "are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW."

85. Unison's HomeOwner Agreement with Ms. Veneziani created an equitable reverse mortgage loan. Therefore, Unison is subject to the provisions of the Consumer Loan Act applicable to reverse mortgage loans and lenders.

86. Unison is not licensed to provide consumer loans in Washington.

87. Unison's HomeOwner Agreement has not been approved by Washington's Department of Financial Institutions.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

88. As a result, Unison violated the Consumer Loan Act by making a loan to Ms. Veneziani in Washington without licensing or approval.

89. Unison's loan to Ms. Veneziani exceeded the 25% simple interest rate cap on licensed consumer loans. RCW 31.04.105(1). And because Unison was not licensed, it was not permitted to charge interest of more than 12%. RCW 19.52.020(1). As a result, Unison violated the Consumer Loan Act by lending at interest rates above those permitted by law.

90. Unison's HomeOwner Agreement required Ms. Veneziani to purchase and maintain homeowners' insurance as a condition of making the loan.

91. Unison violated the Consumer Loan Act, RCW 31.04.515(7) and RCW 31.04.515(8)(b), by requiring Ms. Veneziani to purchase and maintain homeowner's insurance.

92. Unison failed to refer Ms. Veneziani to an independent housing counseling agency prior to entering into the HomeOwner Agreement. As a result, Unison violated the Consumer Loan Act. RCW 31.04.515(9); RCW 31.04.515(10).

93. Unison loaned money to Ms. Veneziani through the HomeOwner Agreement despite the fact that Ms. Veneziani was only 52 years old at the time the loan was made. As a result, Unison violated the Consumer Loan Act, which prohibits reverse mortgage lending to any person under the age of 60. RCW 31.04.515(11).

94. Lenders are prohibited by the Consumer Loan Act from making "any statement or representation with regard to the rates, terms, or conditions for the lending of money that is false, misleading, or deceptive." RCW 31.04.135.

95. Unison violated this prohibition by advertising its product to Ms. Veneziani as an investment and not a loan.

96. Unison's HomeOwner Agreement purports to indemnify Unison from claims relating to the Property. This provision violates the Consumer Loan Act to the extent it is "a release of future damages for usury or other damages or penalties provided by law." RCW 31.04.027(1)(k).



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

97. Therefore, Unison has violated the Consumer Loan Act in numerous ways. Each such violation is an unfair and deceptive act or practice in trade or commerce and affects the public interest.

98. Unison's unfair and deceptive acts or practices caused Ms. Veneziani to lose money.

99. Ms. Veneziani paid Unison $274,950 out of the proceeds of the sale of the Property when she borrowed just $70,350 less than three years earlier. Unison's conduct was the proximate cause of Ms. Veneziani receiving substantially less from the sale of the Property than she should have. Ms. Veneziani's injuries include the $2,744 she paid in transaction fees at the time of signing the HomeOwner Agreement and all funds paid to Unison, less the original $70,350 loan plus a lawful interest rate on that amount.

100. Ms. Veneziani was also injured because her property rights were impaired when she was not able to refinance due to the HomeOwner Agreement.

101. Ms. Veneziani is therefore entitled to legal relief against Unison, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

102. Ms. Veneziani is also entitled to injunctive relief in the form of an order prohibiting Unison from selling its unfair and deceptive HomeOwner Agreement to Washington consumers.

## VI. SECOND CLAIM FOR RELIEF

### Violation of the Consumer Protection Act – Unfair Acts or Practices

103. Ms. Veneziani realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

104. Ms. Veneziani and Unison are "persons" within the meaning of the Washington Consumer Protection Act.

105. The conduct described above and throughout this Complaint is unfair within the meaning of the Washington Consumer Protection Act.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

106. Unison engaged in unfair acts or practices by marketing and selling its HomeOwner product to Ms. Veneziani and other Washington consumers in a manner that purposely attempts to avoid reverse mortgage lending laws. Unison's HomeOwner Agreements are immoral, unethical, oppressive, and/or unscrupulous.

107. Unison's marketing and sale of its HomeOwner Agreement occurred in trade or commerce within the meaning of the Washington Consumer Protection Act, and were and are capable of injuring a substantial portion of the public.

108. Unison's unfair acts or practices impact the public interest because they have injured Ms. Veneziani, have injured at least hundreds of Washington consumers, and have the capacity to injure hundreds or thousands of other Washington residents. Moreover, Unison continues to market and sell its HomeOwner Agreement in Washington and, as a result, is likely to continue to injure the public.

109. As a direct and proximate result of Unison's unfair acts or practices, Ms. Veneziani has suffered an injury in fact and lost money. Specifically, Ms. Veneziani's injury consists of the transaction fees Ms. Veneziani paid to Unison and all monies paid to Unison out of the proceeds from the sale of the Property, less the amount Unison originally paid to Ms. Veneziani plus a reasonable rate of interest.

110. Ms. Veneziani is therefore entitled to legal relief against Unison, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

111. Ms. Veneziani is also entitled to injunctive relief in the form of an order prohibiting Unison from selling its unfair HomeOwner Agreement to Washington consumers.

## VII. THIRD CLAIM FOR RELIEF

### Violation of the Consumer Protection Act – Deceptive Acts or Practices

112. Ms. Veneziani realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

113. Ms. Veneziani and Unison are "persons" within the meaning of the Washington Consumer Protection Act.

114. The conduct described above and throughout this Complaint is deceptive within the meaning of the Washington Consumer Protection Act.

115. Unison engaged in deceptive acts or practices by marketing and selling its HomeOwner Agreement to Ms. Veneziani and other Washington consumers in a manner that purposely misrepresents the nature of the product. Unison repeatedly represents that the product is "not a loan," although the product functions almost exactly like a reverse mortgage loan. These acts or practices are deceptive within the meaning of the CPA because they have the capacity to deceive Washington consumers.

116. Unison's marketing and sale of its HomeOwner Agreement occurred in trade or commerce within the meaning of the Washington Consumer Protection Act and were and are capable of injuring a substantial portion of the public.

117. Unison's deceptive acts or practices impact the public interest because they have injured Ms. Veneziani, have injured at least hundreds of Washington consumers, and have the capacity to injure hundreds or thousands of other Washington residents. Moreover, Unison continues to market and sell its HomeOwner Agreement and, as a result, is likely to continue to injure the public.

118. As a direct and proximate result of Unison's deceptive acts or practices, Ms. Veneziani has suffered an injury in fact and lost money. Specifically, Ms. Veneziani's injury consists of the transaction fees Ms. Veneziani paid to Unison and all monies paid to Unison out of the proceeds from the sale of the Property, less the amount Unison originally paid to Ms. Veneziani plus a reasonable rate of interest.

119. Ms. Veneziani is therefore entitled to legal relief against Unison, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

120. Ms. Veneziani is also entitled to injunctive relief in the form of an order prohibiting Unison from selling its deceptive HomeOwner Agreement to Washington consumers.

## VIII. FOURTH CLAIM FOR RELIEF

### Injunctive Relief on Behalf of Washington Consumers

121. Ms. Veneziani realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

122. Under the Washington Consumer Protection Act, "[a]ny person who is injured in his or her business or property" by a CPA violation "may bring a civil action in superior court to enjoin further violations." RCW 19.86.090.

123. For the reasons stated above, Unison has violated the Washington Consumer Protection Act, and Ms. Veneziani has been injured in her property by those violations. As a result, Ms. Veneziani has standing to seek an injunction to protect the public interest from future violations. *See Hockley v. Hargitt*, 82 Wn.2d 337, 350-51 (1973).

124. Therefore, Ms. Veneziani seeks an injunction prohibiting Unison from continuing its unfair and deceptive practices in Washington. Specifically, Ms. Veneziani asks the Court to enjoin the use of Unison's HomeOwner product in Washington.

## IX. FIFTH CLAIM FOR RELIEF

### Declaratory Relief – Fee Shifting Provision Unenforceable

125. Ms. Veneziani realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

126. In Washington, any person with an interest in a written contract "may have determined any questions of construction or validity arising under the ... contract and obtain a declaration of rights, status or other legal relations thereunder." RCW 7.24.020.

127. The HomeOwner Covenant Agreement between Ms. Veneziani and Unison contains a provision stating that "[i]f a dispute arises out of the HomeOwner Agreement, then the prevailing party will be entitled to reasonable attorney fees and costs."



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

128. Ms. Veneziani seeks a declaration that this fee-shifting provision is unconscionable and unenforceable in this action because she brings claims under the Washington Consumer Protection Act. The CPA provides for fee shifting only to a prevailing plaintiff. The Washington Supreme Court has found that a mutual fee shifting term, such as the one in the HomeOwner Agreement, is substantively unconscionable and therefore unenforceable where the statute provides that only a prevailing plaintiff may recover fees. *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 606 (2013).

129. Because Ms. Veneziani is filing this Complaint, there is an existing dispute about whether Ms. Veneziani will be liable to pay Unison's attorneys' fees should Unison prevail in this lawsuit.

130. The parties have genuinely opposing and substantial interests in this dispute, as attorneys fees for litigation can cost tens of thousands, if not hundreds of thousands, of dollars.

131. A judicial determination of whether Unison will be permitted to seek to recover their attorneys' fees if they prevail will provide the parties with certainty and finality regarding their rights and the risks of continuing litigation.

## X. PRAYER FOR RELIEF

A. Declaratory relief determining that the fee-shifting provision in the HomeOwner Agreement is unenforceable in this action;

B. Rescission of the HomeOwner Agreement;

C. Return of all of Unison's ill-gotten gains;

D. Actual damages;

E. Treble damages under the CPA;

F. Injunctive relief prohibiting Unison from providing its HomeOwner Agreement to Washington consumers;

G. Attorneys' fees and costs of suit;

H. Prejudgment interest; and

I. Such other relief as the Court deems just and proper.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 4th day of November, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
Elizabeth A. Adams, WSBA #49175
Email: eadams@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Umar I. Gebril, WSBA #58227
Email: umar@cascade-law.com
Joseph W. Moore, WSBA #44061
Email: joseph@cascade-law.com
CASCADE LAW PLLC
1604 Hewitt Ave., Ste. 515
Everett, Washington 98201
Telephone: (425) 300-5616

*Attorneys for Plaintiff*